**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

No. 11-51184
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRYL ANTHONY MOODY, also known as Darryl Moody,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-145-2

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Darryl Anthony Moody appeals his guilty plea conviction of violating 18 U.S.C. § 924(c)(1)(A)(ii), by aiding and abetting the brandishing of a weapon during and in relation to a crime of violence. He asserts that the factual basis was insufficient to support his plea.

A district court may not enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). However, Moody did not challenge the sufficiency of the factual basis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supporting his guilty plea in the district court. Accordingly, we will review the district court's decision to accept his plea only for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). To prevail on plain-error review, Moody must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* In evaluating whether a Rule 11 error affected a defendant's substantial rights, we will review the entire record to determine whether there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004).

According to the factual basis presented by the Government, Moody and his accomplices decided to rob the United Central Bank in Killeen, Texas. To that end, Moody drove his accomplices to the bank during business hours, entered and surveyed the building prior to the robbery, advised his accomplices that there was a security guard in the bank, waited while his accomplices robbed the bank at gun point, and drove the getaway vehicle. Because Moody advised his accomplices that a security guard was present, the district court could infer that Moody and his accomplices planned to overtake the bank by force and intimidation and knew that a gun would necessarily be used to facilitate the offense. Those facts are sufficient to establish that Moody both had the specific intent to advance the use of the firearm during the robbery and facilitated the use of the firearm. Accordingly, Moody's conviction may be sustained under a theory of aiding and abetting. *See United States v. Lopez-Urbina*, 434 F.3d 750, 757-59 (5th Cir. 2005).

Those facts also are sufficient to establish that Moody and his accomplices conspired to rob a bank, Moody's accomplice brandished a weapon in furtherance

of that plan, and that Moody knew or could reasonably have foreseen that, as a necessary or natural consequence of the unlawful agreement, his accomplice would brandish a firearm during the robbery. Accordingly, Moody's conviction can be sustained under a theory of co-conspirator liability. *See Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946).

Moody has not shown that the district court committed plain error in finding that there was a sufficient factual basis supporting his guilty plea and the sentence imposed. Moreover, Moody has not shown that the alleged deficiencies in the factual basis affected his substantial rights. He does not assert that he would not have pleaded guilty but for the alleged error. *See Dominguez Benitez*, 542 U.S. at 83.

AFFIRMED.